UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT D'ANDRIA,**

      **Plaintiff,**

**v.**                                                                                                                                Case No:   6:13-cv-1412-Orl-31KRS

**FLORIDA PACIFIC LEASING**
**COMPANY, LLC, CYRIL MANULA,**
**GAETANA CORPORATION and OPEN**
**THROTTLE INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 67) filed by Defendant Florida Pacific Leasing Company, LLC ("Florida Pacific") and the Motion for Partial Summary Judgment (Doc. 69) filed by the Plaintiff, Scott D'Andria ("D'Andria"). In resolving these motions, the Court has also reviewed the responses to those motions (Doc. 75 and Doc. 77) and the replies to those responses (Doc. 84, 85).

**I.**     **Background**

According to the allegations of the Amended Complaint (Doc. 25), D'Andria patronized a Daytona Beach bar known as the "Main Street Station" on December 31, 2012. D'Andria, who has limited mobility as a result of multiple sclerosis, uses a three-wheel scooter. While at the Main Street Station, D'Andria tried to enter the restroom on the scooter but was stopped by Defendant Cyril Manula ("Manula"). D'Andria alleges that Manula grabbed him by the arm and told him he could not take the scooter into the restroom. D'Andria says that he lacked the

mobility to enter the restroom without the scooter and, as a result of Manula's actions, he suffered a bladder accident and urinated on himself.

D'Andria has sued Defendants Florida Pacific, Gaetana Corporation ("Gaetana") and Open Throttle, Inc. ("Open Throttle") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12181 *et. seq.*, (Count I) and for negligence in the hiring and retention of Manula (Count II).   He has also sued all four Defendants for battery (Count III).   By way of his motion, D'Andria seeks summary judgment as to liability in regard to counts I and III.   In its motion, Florida Pacific seeks summary judgment as to all three claims asserted against it on the grounds that D'Andria has not shown that it employs Manula or has any role in the operation of Main Street Station.

### II.     Legal Standard

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact.   Fed. R. Civ. P. 56(c).   The substantive law applicable to the case determines which facts are material.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Summary judgment is mandated Against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The moving party bears the burden of proving that no genuine issue of material fact exists.   *Id.* at 323.   In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party.   *Anderson*, 477 U.S. at 255.   If the

record presents factual issues, the court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1]

### III.     Analysis

Upon review of the parties' papers, the Court finds that genuine issues of material fact abound.   In regard to D'Andria's motion, Manula disputes D'Andria's version of events.   He denies having grabbed D'Andria, and says instead that D'Andria ran into him with the scooter while operating it unsafely in the bar (Doc. 68-3 at 131) and that it was D'Andria's friend (who had been seated on the back of the scooter) who told D'Andria that he could not take the scooter into the restroom (Doc. 68-3 at 141-42).   Manula and the other Defendants also contend that he has never been an employee of any of the Defendants, and that he was at the Main Street Station on the night at issue solely as a patron.   These issues of fact must be resolved by a jury.

As for Florida Pacific's motion, there are genuine issues of material fact as to that Defendant's connection with the Main Street Station.   Florida Pacific owns the real estate located at 316 Main Street, in Daytona Beach, where the Main Street Station is located.   The company contends that it is only a landlord, and that it does not own or operate the business.   However, D'Andria has produced various documents that appear to contradict this contention, including a 2007 contract for sale and purchase apparently showing that, in addition to the real estate, Florida Pacific acquired the entire business, including all of its personal property and its liquor license. D'Andria also produced a transcript of testimony given by Frederick Johns – the manager of Florida Pacific, and one of its two members – at a Daytona Beach Code Enforcement meeting in

---

[1] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

2012.  That testimony is at least consistent with the notion that Johns – and, by extension, Florida Pacific – is operating the business, rather than merely leasing real estate to it.

Florida Pacific contends that the documents produced by D'Andria in opposition to its motion are not properly authenticated so as to be admissible in evidence, and therefore they should not be considered on summary judgment.   However, pursuant to Rule 56(c)(2), Florida Pacific must show that the material "cannot be presented in a form that would be admissible in evidence."  No such showing has been made here.   The Court notes that Florida Pacific does not challenge the authenticity of the hearing transcript or the contract for sale and purchase, which was produced pursuant to a subpoena on the attorney who represented Johns and/or Florida Pacific as to that transaction.   As with D'Andria's motion, a jury must resolve these issues of fact.

### IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 67) filed by Defendant Florida Pacific Leasing Company, LLC is **DENIED**.   And it is further

**ORDERED** that the Motion for Partial Summary Judgment (Doc. 69) filed by the Plaintiff, Scott D'Andria, is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 19, 2015.

Copies furnished to:

Counsel of Record
Unrepresented Party